# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KHALIL HARBIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 4:20-cv-01596 |
| | ) |
| CITY OF BRECKENRIDGE HILLS, | ) JURY TRIAL DEMANDED |
| MISSOURI, OFF. PAUL RINCK, in his | ) |
| individual capacity, and SGT. JENNIFER | ) |
| BRANSTETTER, in her individual capacity | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

On November 9, 2018, Paul Rinck, an officer with the Breckenridge Hills Police Department, stopped Plaintiff Khalil Harbin for a simple traffic violation. Before the encounter was over, Defendant Rinck placed Plaintiff in handcuffs and beat him. While Plaintiff's hands were still restrained behind his back, Defendant Rinck threw Plaintiff to the ground, broke Plaintiff's jaw, and then jumped on Plaintiff's back even though he was almost twice Plaintiff's weight. Defendant Rinck then attempted to justify his actions by filing a false police report and false charges against Plaintiff. Sergeant Branstetter was present when Defendant Rink assaulted Plaintiff and violated Plaintiff's civil rights. Sergeant Branstetter did not intervene to stop Defendant Rinck.

## JURISDICTION AND VENUE

1. This claim is brought pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the First and Fourth Amendments, as incorporated as against States and their municipal divisions through the Fourteenth Amendment.

2. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution of the United States and § 1343(a)(3) to redress the deprivation of rights secured by the Constitution of the United States.

3. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in the City of Breckenridge Hill.

4. Divisional venue is proper in the Eastern Division because a substantial part of the events leading to the claims for relief arose in the City of Breckenridge and Defendants reside in the Eastern Division. E.D. Mo. L.R. 2.07(A)(1), (B)(1).

5. This Court has supplemental jurisdiction over the included Missouri state law claims pursuant to 28 U.S.C. §1367.

6. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Defendant the City of Breckenridge Hills, Missouri (hereinafter, "City") is a third-class city and a political subdivision of the State of Missouri, duly organized under the Constitution of Missouri.

8. The Breckenridge Hills Police Department ("BHPD") is an instrumentality of the City of Breckenridge Hills, Missouri organized and controlled pursuant to the statutes of the State of Missouri. On information and belief, Plaintiff states that Breckenridge Hills, Missouri has purchased insurance, thereby waiving any sovereign immunity the City of Breckenridge Hills may claim applies to ancillary state law claims raised herein.

9. Paul Rinck is employed as a police officer with the BHPD. Defendant Rinck assaulted Plaintiff and violated Plaintiff's civil rights. Defendant Rinck is sued in his individual capacity.

10. Jennifer Branstetter is employed as a police officer with the BHPD. Defendant Branstetter has the rank of sergeant. Defendant Branstetter was on the scene when Defendant Rinck assaulted Plaintiff and violated Plaintiff's civil rights. Defendant Branstetter aided in this assault. She further failed to intervene. Defendant Branstetter is sued in her individual capacity.

11. Plaintiff is a resident of St. Louis County, Missouri.

## FACTS

12. Around 5 PM on Friday, November 9, 2018, Plaintiff was replacing his brakes at a friend's house.

13. Believing he had successfully completed the repair, Plaintiff drove his car away. Unfortunately, Plaintiff erred by not priming the brake fluid after the repair, causing Plaintiff to lose control of his car when he attempted to stop at the intersection of Breckenridge Road and Calvert Avenue in Breckenridge Hills, Missouri.

14. Defendant Rinck observed this and stopped Plaintiff.

15. Plaintiff attempted to explain that his brakes were not working. However, Defendant Rinck did not permit Plaintiff to speak. Rather, Defendant Rinck responded aggressively and rudely.

16. Although this was purportedly a traffic stop, Defendant Rinck, who is Caucasian, pulled his gun and aimed it at Plaintiff, who is African American.

17. Plaintiff is 5'5" tall and only weighs 130 pounds. Defendant Rinck weighs about twice that.

18. Plaintiff feared for his own safety because of the combination of Defendant Rinck's gun, Defendant Rinck's demeanor, and Defendant Rinck's superior size.

19. Defendant Rinck handcuffed Plaintiff and placed Plaintiff in the back of Defendant Rinck's police vehicle.

20. Plaintiff was admittedly angered by this escalation and the threat to his safety that resulted from a traffic stop. Plaintiff rightfully complained.

21. Plaintiff may have been angry, but he was not violent, and Defendant Rinck was outside of the car.

22. In reaction to Plaintiff's complaints, Defendant Rinck removed Plaintiff from the vehicle, assaulted Plaintiff while Plaintiff's hands were still restrained behind his back, slammed Plaintiff to the ground, choked Plaintiff while Plaintiff was handcuffed on the ground, broke Plaintiff's jaw, and then jumped on Plaintiff's back even though he was almost twice Plaintiff's weight.

23. Because Plaintiff's hands were behind his back, Plaintiff could not protect himself from the asphalt.

24. In the police report, Defendant Rinck minimized his own acts by writing that he asked Plaintiff to "calm him down" and then he "directed" Plaintiff "to the ground by his left arm."

25. Defendant Rinck admits to then putting all his weight on Plaintiff's back.

26. Defendant Branstetter was on the scene during this attack.

27. Defendant Branstetter also jumped onto Plaintiff's back when Plaintiff was on the ground.

28. Although she was in a supervisory role, she made no effort to stop the attack or protect Plaintiff.

29. Defendant Rinck filed five criminal charges against Plaintiff, including **four** separate traffic violations – excessive acceleration, careless imprudent driving, a stop sign violation, and failure to signal. The other charge was resisting or interfering with arrest. Defendant Rinck filed the excessive number of traffic charges and the fabricated resistance charge in a retroactive attempt to justify his abuse of Plaintiff.

30. For many months after the attack, Plaintiff suffered serious psychological consequences from the attack. Plaintiff continues to suffer physical and emotional pain due to this abuse.

31. BHPD has a pattern and practice of employing police officers who abuse citizens.

32. This not the first time a BHPD officer has been sued for his involvement in beating a handcuffed subject. *See* First Amended Complaint in *Samuel v. City of Charlack, MO, et al.*, No. 4:12-cv-01154-RWS (E.D. Mo. October 29, 2012). In that suit, the plaintiff claimed that on May 18, 2012, a BHPD officer and officers from neighboring municipalities beat him and kicked out his teeth while he was handcuffed and not capable of resistance. Less than a year earlier, a video was posted on the internet of the same officer tackling a person and using excessive force.[1] According to the video, the officer detained the individual for exercising his constitutional right to not provide his name. Once prosecutors saw the video, they dropped the charges. Yet, BHPD allowed the officers to roam the streets and eventually assault the *Samuel* plaintiff.

33. In March 2019, a BHPD officer was recorded beating a 7-month pregnant woman. The woman was seized for tinted windows after she had arrived at a friend's house.

---

[1] https://www.copblock.org/126393/breckenridge-hills-mo-cops-assault-and-falsely-arrest-man-caught-on-video/

34. In August 2019, BHPD hired Officer David Maas. According to a U.S. Department of Justice Press release[2], four months, earlier, Officer Maas "kicked and struck [an individual] while he was compliant and not posing a physical threat to anyone." This assault was videoed and widely available through a simple internet search when BHPD hired Officer Maas. Officer Maas has pending federal criminal charges in the Eastern District of Missouri (4:20-cr-00167).

35. BHPD has had this pattern of hiring unqualified officers with a propensity for violence for decades. In 1977, an officer with Maplewood Police Department was fired for playing Russian roulette with prisoners, resulting in a prisoner's death.[3] BHPD then hired that officer, knowing about his well-reported malfeasance. This death revealed that BHPD had multiple officers on its force who had been dismissed by other departments.

36. BHPD also arrests people for non-violent infractions at a rate of nearly four times that of its neighbor, Woodson Terrace, and twice that of Overland. BHPD arrests people for non-violent infractions at a rate of nearly four times that of the City of St. Louis and the County of St. Louis.

## COUNT I
**42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations: Unreasonable Seizure
(Against Defendants Rinck and Branstetter)**

37. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

38. Defendant Rinck unreasonably seized Plaintiff, thereby depriving Plaintiff of Plaintiff's right to be free from unreasonable seizure of Plaintiff's person in violation of the Fourth

---

[2]   https://www.justice.gov/usao-edmo/pr/former-woodson-terrace-police-officer-indicted-causing-bodily-injury-individual
[3]   https://news.stlpublicradio.org/government-politics-issues/2014-12-08/police-use-of-force-how-did-we-get-here-and-where-can-we-go

and Fourteenth Amendments to the United States Constitution. Defendant Rinck beat Plaintiff while Plaintiff was handcuffed behind his back, threw Plaintiff to the ground, choked Plaintiff, broke Plaintiff's jaw, and then jumped on Plaintiff's back even though he was almost twice Plaintiff's weight.

39. Defendant Branstetter unreasonably seized Plaintiff, thereby depriving Plaintiff of Plaintiff's right to be free from unreasonable seizure of Plaintiff's person in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Branstetter jumped on Plaintiff's back when he was already detained.

40. Further, there was no objectively reasonable belief that Plaintiff had committed a criminal offense, nor was there even arguable probable cause for the arrest. As such, the seizure was unreasonable.

41. Defendants Rinck and Branstetter engaged in these unlawful actions willfully and knowingly, acting with reckless or deliberate indifference to Plaintiff's Fourth Amendment rights.

42. As a direct result of the conduct of Defendants Rinck and Branstetter described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

43. The actions of Defendants Rinck and Branstetter described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendants and to deter them, as well as other similarly-situated individuals, from engaging in similar conduct in the future, in an amount to be determined by a jury.

44. At all times, Defendants Rinck and Branstetter were acting under color of state law.

45. If Plaintiff prevails, Plaintiff is entitled to recover attorneys' fees, pursuant to 42 U.S.C. § 1988.

## COUNT II
### 42 U.S.C. § 1983 – Fourth and Fourteenth Amendment: Excessive Force
### (Against Defendants Rinck and Branstetter)

46. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

47. Defendant engaged in these actions willfully and knowingly, acting with reckless or deliberate indifference to the Plaintiff's Fourth Amendment rights. As a direct and proximate result of Defendant's unlawful actions, Plaintiff was damaged.

48. As described above, the use of force against Plaintiff, when Defendant Rinck beat Plaintiff while Plaintiff was handcuffed behind his back, threw Plaintiff to the ground, choked Plaintiff, broke Plaintiff's jaw, and then jumped on Plaintiff's back even though he was almost twice Plaintiff's weight, was objectively unreasonable.

49. As described above, the use of force against Plaintiff, when Defendant Branstetter jumped on Plaintiff's back when he was already restrained, was objectively unreasonable.

50. As a direct result of the conduct of Defendants Rinck and Branstetter described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

51. The actions of Defendants Rinck and Branstetter described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendants Rinck and Branstetter and to deter them, as well as other similarly-situated

individuals, from engaging in similar conduct in the future, in an amount to be determined by a jury.

52. At all times, Defendants Rinck and Branstetter were acting under color of state law.

53. If Plaintiff prevails, Plaintiff is entitled to recover attorneys' fees, pursuant to 42 U.S.C. § 1988.

**COUNT III**
**42 U.S.C. § 1983 – Fourth and Fourteenth Amendment:**
**Failure to Intervene in Use of Excessive Force**
**(Against Defendant Branstetter)**

54. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

55. During all events that occurred on November 9, 2018 that are described in the Complaint, Defendant Branstetter was a supervisor with the BHPD.

56. At all times, Defendant Branstetter had the ability to intervene and order Defendant Rick to cease with the unconstitutional seizure and use of excessive force on Plaintiff.

57. Defendant Branstetter knew the seizure of Plaintiff was unreasonable and illegal.

58. Defendant Branstetter knew the force used against Plaintiff on November 9, 2018 was unreasonable under the circumstances.

59. As a direct result of the conduct of Defendant Branstetter described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

60. Defendant Branstetter engaged in these actions willfully and knowingly, acting with reckless or deliberate indifference to the Plaintiff's Fourth Amendment rights. As a direct and proximate result of Defendant's unlawful actions, Plaintiff was damaged.

61. The actions of Defendant Branstetter described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendant Branstetter and to deter Defendant Branstetter, as well as other similarly-situated individuals, from engaging in similar conduct in the future, in an amount to be determined by a jury.

62. Defendant Branstetter acted under color of state law.

63. If Plaintiff prevails, he is entitled to recover attorneys' fees, pursuant to 42 U.S.C. § 1988.

## COUNT IV
### 42 U.S.C. § 1983 – Municipal Liability
*Monell* Claim against Defendant City of Breckenridge Hills for Negligent Hiring, Failure to Supervise, and for a Custom of Conducting Unreasonable Seizure, and Use of Excessive Force

64. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

65. Defendant City is liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for the individual Defendants' violations of Plaintiff's rights because the violations were caused by a policy, practice, or custom of the BHPD.

66. Defendant City negligently hires officers with a propensity for unlawful and illegal conduct because the City lacks mechanisms to properly screen potential hires or intentionally turns a blind eye to evidence of said unlawful and illegal conduct.

67. Defendant City has inadequately disciplined BHPD officers, with respect to its officers' use of force.

68. Defendant City had notice that its officer supervision was inadequate and likely to result in constitutional violations, based on previous complaints from citizens, lawsuits, and videos posted online of BHPD officers violating citizens' rights.

69. Additionally, but without waiver of the foregoing, City officials failed to supervise, control, and/or discipline BHPD officers when they engaged in constitutional violations like those set forth above.

70. BHPD has a custom of conducting unreasonable seizures and using excessive force, as described above.

71. BHPD continues to rely on ineffective processes to curb these unconstitutional behaviors, rather than adopting a process for the independent investigation and review of citizen complaints, evidencing a continuing policy, custom or practice of inadequately supervising and disciplining officers for conducting unreasonable seizures and using excessive force.

72. BHPD failed to implement any new policies or practices to identify or discipline officers for conducting unreasonable seizures and using excessive force.

73. In these failures, Defendant City has been deliberately indifferent to the rights of citizens, and these failures and policies are the moving force behind, and direct and proximate cause of, the constitutional violations suffered by Plaintiff, as alleged herein.

74. As a direct result of the conduct of Defendant City described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

75. If Plaintiff prevails, Plaintiff is entitled to recover attorneys' fees, pursuant to 42 U.S.C. § 1988.

## COUNT V
### Missouri State Law: Assault
### (Against All Defendants)

76. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

77. Defendant Rinck beat Plaintiff while Plaintiff was handcuffed behind his back, threw Plaintiff to the ground, choked Plaintiff, broke Plaintiff's jaw, and then jumped on Plaintiff's back even though he was almost twice Plaintiff's weight. Defendant Branstetter jumped on Plaintiff's back when he was already detained. These actions caused Plaintiff to experience apprehension of immediate physical injury.

78. The brandishing of a firearm by Defendant Rinck for no lawful reason caused Plaintiff to experience apprehension of immediate physical injury.

79. Breckenridge Hills, Missouri has purchased insurance, thereby waiving any sovereign immunity the City of Breckenridge Hills may claim applies to ancillary state law claims raised herein.

80. As a direct result of the conduct of Defendants Rinck and Branstetter described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

81. The actions of Defendants Rinck and Branstetter described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendants Rinck and Branstetter and to deter them, as well as other similarly-situated

individuals, from engaging in similar conduct in the future, in an amount to be determined by a jury.

## COUNT VI
### Missouri State Law: Intentional Infliction of Emotional Distress
### (Against All Defendants)

82. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

83. Defendant Rinck's actions by beating Plaintiff while Plaintiff was handcuffed behind his back, throwing Plaintiff to the ground, choking Plaintiff, breaking Plaintiff's jaw, and then jumping on Plaintiff's back even though he was almost twice Plaintiff's weight rose to the level of extreme or outrageous conduct that goes beyond the possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community.

84. Defendant Rinck's actions were intentional.

85. Defendant Branstetter's actions by jumping on Plaintiff's back when he was already restrained rose to the level of extreme or outrageous conduct that goes beyond the possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community.

86. Defendant Branstetter's actions were intentional.

87. Such actions by Defendants Rinck and Branstetter have caused Plaintiff severe emotional distress that has resulted in bodily harm, as described above.

88. Defendant Rinck's sole motivation was to cause emotional distress to Plaintiff.

89. Breckenridge Hills, Missouri has purchased insurance, thereby waiving any sovereign immunity the City of Breckenridge Hills may claim applies to ancillary state law claims raised herein.

90. As a direct result of the conduct of Defendants Rinck and Branstetter described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

91. The actions of Defendants Rinck and Branstetter described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendants Rinck and Branstetter and to deter them, as well as other similarly-situated individuals, from engaging in similar conduct in the future, in an amount to be determined by a jury.

## COUNT VII
### Missouri State Law: Negligent Infliction of Emotional Distress
### (Against All Defendants)

92. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

93. Alternative to Count VI, above, by beating Plaintiff while Plaintiff was handcuffed behind his back, throwing Plaintiff to the ground, breaking Plaintiff's jaw, and then jumping on Plaintiff's back even though he was almost twice Plaintiff's weight, Defendant Rinck realized or should have realized that his conduct posed an unreasonable risk to Plaintiff.

94. Alternative to Count VI, above, by jumping on Plaintiff's back when he was already restrained, Defendant Branstetter's realized or should have realized that her conduct posed an unreasonable risk to Plaintiff.

95. Plaintiff was reasonably in fear for his own person because of the actions of Defendants Rinck and Branstetter and suffered emotional distress or mental injury that is medically diagnosable and sufficiently severe to be medically significant as a result of Defendant's actions.

96. Breckenridge Hills, Missouri has purchased insurance, thereby waiving any sovereign immunity the City of Breckenridge Hills may claim applies to ancillary state law claims raised herein.

97. As a direct result of the conduct of Defendants Rinck and Branstetter described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

98. The actions of Defendants Rinck and Branstetter described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendants Rinck and Branstetter and to deter them, as well as other similarly-situated individuals, from engaging in similar conduct in the future, in an amount to be determined by a jury.

## COUNT VIII
### Missouri State Law: Battery
### (Against All Defendants)

99. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

100. On November 9, 2018, Plaintiff suffered battery at the hands of Defendants Rinck and Branstetter.

101. Namely, Defendants Rinck and Branstetter's physically aggressive tactics caused intentional and offensive bodily harm to Plaintiff.

102. When Defendant Rinck beat Plaintiff while Plaintiff was handcuffed behind his back, threw Plaintiff to the ground, broke Plaintiff's jaw, and then jumped on Plaintiff's back even though he was almost twice Plaintiff's weight, Defendant Rinck caused further intentional and offensive bodily contact to Plaintiff.

103. When Defendant Branstetter jumped on Plaintiff's back when he was already restrained, Defendant Branstetter caused further intentional and offensive bodily contact to Plaintiff.

104. Breckenridge Hills, Missouri has purchased insurance, thereby waiving any sovereign immunity the City of Breckenridge Hills may claim applies to ancillary state law claims raised herein.

105. As a direct result of the conduct of Defendants Rinck and Branstetter described herein, Plaintiff suffered damages, including physical injury, emotional trauma, great concern for his own safety, fear, apprehension, depression, anxiety, consternation and emotional distress; lost time, loss of employment opportunity, and loss of faith in society.

106. The actions of Defendants Rinck and Branstetter described herein were carried out in bad faith and with malice, done with actual, wanton intent to cause injury, and intentional and callously indifferent to the rights of Plaintiff, such that punitive damages should be awarded to punish Defendants Rinck and Branstetter and to deter them, as well as other similarly-situated individuals, from engaging in similar conduct in the future, in an amount to be determined by a jury.

Date: November 9, 2020					Respectfully submitted,

**KHAZAELI WYRSCH LLC**

/s/ Javad Khazaeli
Javad Khazaeli, MO 53735
James R. Wyrsch, MO53197
Kiara Drake, MO 67129
911 Washington Avenue, Suite 211
Saint Louis, MO 63101
(314) 288-0777

*Attorneys for Plaintiff*